## Andrew Climer v. Daniel Hovey and another.

*Mistake in contract, when Court of Equity will correct.* In this case a bill to correct a mistake, by making a contract apply to lands which had been omitted from it, instead of those which were mentioned in it, and to enforce the contract when corrected, was dismissed; the parties not having acted upon the contract, and there being no equitable circumstances requiring such correction.

*Heard October 9th. Decided October 30th.*

Appeal from Berrien Circuit, in chancery.

This was a bill for specific performance.

The cause was heard on the pleadings and proofs, and the bill was dismissed.

.  The facts of the case, and the allegations in the pleadings, so far as may be necessary to an understanding of the questions decided, are stated in the arguments of the counsel, and the opinion of the Court.

*Muzzy & Knox,* for complainant.

The bill alleges that under the contract the complainant took possession, cut and sold timber, and contracted for the sale of more wood and timber. That he offered to pay the amount due, and more, and requested a deed for the two - ninths, which was refused. Also, that the defendant, Hovey, had conveyed the premises to defendant, Curtis.

The answer admits the making of the contract, the sale to Curtis, the taking possession by complainant, and cutting and selling timber, and the mistake as to the range set forth in the bill; and sets up that the contract was not signed by the complainant at the time of its delivery, and was not stamped; denies that complainant tendered money or requested a deed, and insists that the contract was made at the dictation of complainant, merely to be shown to evil disposed persons, and to restrain them from trespassing.

1. The proofs show that the contract was written by defendant Hovey, and we believe the preponderance of the evidence is, that it was signed by both parties at the same time. It is immaterial whether the contract was ever signed by Hovey. — 14 *Johns.* 484 ; 16 *Me.* 92 ; 4 *Mich.* 570, 572.

2. The proofs show that a stamp was afterwards placed on the contract, which was sufficient. — *Act of Congress of June* 30, 1864, § 163.

3. There is a conflict in the testimony, whether complainant offered to pay the amount due, or demanded a deed. We think the averments that complainant offered to pay and requested a deed, are supported by the proofs.

It appearing that defendant Hovey had conveyed the land to Curtis, and had signified his intention not to convey to complainant, a tender was not necessary; especially, as by the terms of the contract, Hovey was to

notify Climer when he would deed. A failure of complainant to tender performance only affects the question of costs. — 1 *Mich.* 9.

*E. Bacon*, for defendants.

1. The complainant cannot have specific performance if the contract is unsettled. The contract is unsettled in this, that no price is fixed for Hovey's present interest in the land, also as to who the heirs were and who might give the notice ; also as to what was to be done in case Hovey failed to get the heirs' title ; also as to what youngest heir is meant, and when he would become twenty-one years of age. — 14 *Peters*, 77 ; 5 *Munf.* 296 ; *Harrington Ch.* 373, 124 ; 3 *Hawks*, 628.

2. The complainant cannot have specific performance if the contract is uncertain. The contract is uncertain because it puts no obligation upon Hovey to convey except such as should entirely depend upon his will and convenience. He was not to convey and there was to be no sale until he should see fit to give Climer a notice of his readiness. Climer was in no event to purchase unless it suited his convenience to do so. — 2 *Story Eq. Jur.* § 767 ; *Benedict v. Linch*, 1 *Johns. Ch. R.* 370 ; 1 *McLean*, 120 ; *Fitzpatrick v. Beaty*, 1 *Gilm.* 454 ; *Montgomery v. Norris* 1 *How. Miss. R.* 499.

3. The complainant cannot have specific performance if the contract is not mutual. Climer is not bound to take, purchase or pay for anything unless it suited his convenience to do so. Nothing is said or intended in the contract about Climer taking or purchasing Hovey's present interest or the six-ninths of the land on any terms. There is no mutuality, because at the time this bill was filed Climer could have refused to do anything under the contract, and yet on the existing state of things Hovey could neither file a bill for specific performance or have any other remedy, for no notice of Hovey's readiness to convey

exists, and nothing about any heir becoming twenty-one years of age appears, and a refusal to purchase would be all Climer needed to free himself from all obligations under any contract to take the land as soon as convenient. — *Harrington, Ch.* 420 ; 1 *Johns, Ch.* 281.

4. The complainant cannot have specific performance where his right is dependent upon a condition precedent, which is unfulfilled.

By express terms of the contract, Hovey's obligation to sell and convey are conditioned according to his future will and decision as to the convenience of conveying, and he has decided not to convey.

By express terms of the contract there was to be no sale, purchase or payment until after Climer was notified that Hovey was ready to give a deed. No such notice has been given. By express terms of the contract Hovey was not to convey anything until as soon as convenient, after the youngest heir became 21 years of age. Nothing is said in pleadings or evidence, tending to show that any heir has become twenty-one years of age. — 1 *Black. Com. p.* 154 ; 1 *Ham.* 14.

5. The complainant cannot have specific performance because the contract is voluntary and without consideration. There was no payment and no legal obligation upon anybody to make any payment, nor did Hovey gain anything by the contract, it has only been a means of serious loss to him by having the land stripped of timber. — 1 *Story Eq. Jur.* § 987; 3 *Cow.* 445; 6 *Ham.* 383; 1 *Leigh,* 36.

6. The contract did not give possession. Stripping the land of timber gave no equity. At law Climer could recover no damages, and if compensation would put him in *statu quo* he cannot have a specific performance. — 7 *Cow.* 229; 3 *Wend.* 104 ; 3 *A. K. Marsh.* 554 ; 2 *Litt.* 124.

CAMPBELL J.

Complainant filed his bill for the specific performance

of a contract for the sale of certain lands.   The contract was in writing, and describes certain parcels, specifically, but the bill alleges that in reducing it to writing the parties made a mistake, and described the wrong land.   Hovey is the party who is charged with having contracted to convey.   The bill charges the land to have been conveyed to Curtis since the contract, with knowledge of complainant's rights.   No payments are alleged, and no act of part-performance.

Both defendants rely upon the Statute of Frauds, and Hovey sets up that the contract was not intended or delivered as a complete contract of sale, but was given merely to enable Climer, his agent, to keep off trespassers.

The statute (*Chap.* 104, § 3179, *Comp. L.*) provides that every contract for the sale of lands shall be void, unless the contract or some note or memorandum thereof be in writing, and signed by the party by whom the sale is to be made.

In this case the contract and its terms are signed by the vendor in due form, but there is no reference in it to the lands in controversy.   It is sought by parol evidence to substitute one set of lands for another.   But it is quite evident that no amount of parol evidence can bring any written contract into being, which will cover the lands in question.   We are, therefore, brought down to the simple inquiry whether mere mistake, where neither party has parted with or done any thing beyond signing an executory contract for one description of land, can authorize a Court of Chancery to enforce a parol contract, by applying the terms written concerning one estate, to another not referred to in writing.

Where fraud, or part performance, or other recognized equities create an equitable estoppel, that may in many cases authorize the correction of instruments upon which parties have acted in good faith.   But the jurisdiction in these cases does not spring from mistake alone, but from a mistake that has been acted on.   And where there are

none of these collateral circumstances, it is difficult to per-ceive wherein the correction of a contract by parol evi-dence differs from the enforcement of an agreement resting entirely in parol. For where a contract is partly written and partly verbal, it has always been regarded as within the prohibitions of the statute. Where a defendant resists the specific performance of an agreement on the ground that some mistake has arisen concerning its terms, a court will sometimes make it a condition of giving relief to a complainant, that he accept the variation; but even then it will not usually compel him to do so, but leaves it op-tional whether he will have that relief or be left to his legal remedy. For it is always proper to refuse relief on a bill for specific performance, where equitable circumstances prohibit it. The American cases, going somewhat beyond the English authorities in this direction, have in some in-stances given relief to a party complainant who set up a case of mistake, requiring terms or subjects *to be stricken out of his contract*, because the whole residuary agreement as enforced is comprehended within the written provisions, and therefore the statute is not violated by the enforcement of parol provisions. But every parcel of land or interest im-ported into a contract, which does not refer in any way thereto, must be thus affected by unwritten stipulations; and the attempt to do this is nothing else than an attempt to put parol agreements on the same footing with writings.

Where equitable circumstances are made the basis of action, the Courts, if they give relief, do it on the ground that the case is thereby taken out of the statute. But where the case stands on no such equities, the statute must apply, or must become of very little service. In the pres-ent case the mistake goes to the entire contract, and there is no portion of the written agreement which could stand alone if the subject matter on which the error arose should be stricken out.

In the learned American note to *Woollam v. Hearn*,

2 *Lead. Cas. in Eq. Pt.* 1, *p.* 541 *and seq.* (*Ed. of* 1852) the subject under consideration is very clearly discussed. It is said that the Statute of Frauds does not declare that parol evidence shall be inadmissible, but only " that it shall have no effect in *passing or creating* a trust or estate in land." And the case of *Elder v. Elder,* 10 *Maine R.* 80, is referred to as containing a very satisfactory elucidation of the whole difficulty. The English cases are also referred to, which unquestionably have been very consistent in refusing relief in cases like the present. And the few American cases which have been supposed to sanction a less certain rule are mostly, if not entirely, cases where there was something beyond a bald case of mistaken description. It is possible that the distinction has been sometimes lost sight of, between refusing to enforce a mistaken contract, and creating by parol a substituted agreement in lieu of a writing. But usually there have been such acts in reliance upon the supposed, but mistaken, state of things as would raise independent equities. But it would not be singular if the law had been sometimes overlooked, in the anxiety of courts to place parties where they had reason to expect they would be.

As we find nothing in this case to show that any act has been done or left undone, which can be regarded as having been authorized or expected under the contract as it should have been, to the detriment or loss of the party relying on it, we think it must stand as an agreement within the express terms of the statute, and that complainant is not entitled to relief.

We have not deemed it necessary to pass upon the facts, upon some of which the witnesses are directly in conflict. The case is one by no means free from suspicion, and there is very strong reason to believe that Hovey did not suppose he was making a definite bargain.

But as the objection taken under the statute disposes of the entire case, the testimony becomes immaterial.

The decree must be reversed, and the bill dismissed, with costs of both Courts.

MARTIN Ch. J. concurred in the result.

COOLEY J.

I do not think that on the facts appearing, a case sufficiently clear is made to warrant specific performance. As to the power of the Court to correct a mistake in a contract, in a suit to enforce it, I express no opinion.

CHRISTIANCY J. concurred.