YOUELL v. ALLEN ET AL.

---

## John Youell v. Henry Allen et al.

*Specific performance: Correction of mistake: Entire contract: Severance.* If a material error in a written contract for the conveyance of lands can be corrected on parol evidence, in a suit for the specific performance of the contract, and performance decreed according to the understanding as found upon such evidence, it should only be done where the mistake is clearly made out beyond cavil.

Where complainant contracted for the exchange of a parcel of land owned by him, for two parcels owned by two different persons, and filed his bill for specific performance, alleging that one of the parcels to be conveyed to him was incorrectly described in the contract by mistake, and it appeared that such parcel had been sold to a purchaser not shown to have been aware of the mistake. *Held*,

　1. That, assuming the proof of the mistake to be clear, there could be no relief as against such purchaser.

　2. That, as the contract of exchange was entire, and not capable of severance, there could be no relief against the owner of the other parcel.

*Heard January 11th. Decided April 13th.*

Appeal in Chancery from Kent Circuit.

This was a bill to enforce the specific performance of a certain contract for the exchange of land. The bill was heard in the court below on pleadings and proofs, and dismissed.

The facts are stated in the opinion.

*L. Patterson,* and *Moore & Griffin,* for complainants.

*Jno. T. Holmes, E. Smith Jr.* and *G. V. N Lothrop,* for defendant.

COOLEY CH. J.

The complainant files his bill to enforce the specific performance of a contract by which Allen agreed to convey to him a parcel of land, and Franklin Tooley, a certain other parcel, in exchange for hotel premises owned by complainant, and then occupied by one Granger. The contract was in writing, and the land to be conveyed by Franklin Tooley was therein described as the south west quarter of section fifteen, in township six north of range eleven west, excepting therefrom 60 acres previously sold off from the west side; but the complainant avers in his bill, that the true description was the south east quarter of said section, except, &c.; the word *west* being written in the contract instead of *east* by the mistake of the person drafting it; and the complainant asks that for the purposes of this suit the contract may be treated as if it read as it was intended

to read, and that he may have specific performance thereof with the mistake corrected.

Noah Tooley is made party defendant as a subsequent grantee of the premises which complainant alleges were to be, and should have been included in the contract, and he is charged in the bill with having received a deed of the premises with knowledge of the contract and in fraud of complainant's right. This charge is denied by answer.

The question whether a material error in a written contract for the conveyance of lands can be corrected on parol evidence, in a suit for the specific performance of the contract, and performance decreed according to the understanding as found upon such evidence, is one of no little difficulty, and upon which the authorities are irreconcilably at variance. If it can be, the evidence of the mistake upon which the court should give relief ought to be so clear as to establish that fact beyond cavil. No such clear evidence appears in this case, but, if we find the mistake at all, it must be upon inferences which are not of a very satisfactory character.

If, however, the mistake were clearly established as against Franklin Tooley, the complainant must still fail, because there is no evidence in the case which brings home to the defendant Noah Tooley a knowledge of such a contract as is set out in the bill. As to him, the contract is neither admitted nor proved; and as the exchange of complainant's place for the two farms was one entire contract, and not capable of severance, it is impossible that he should have relief. Without, therefore, investigating the various other objections which are made to the relief sought, a decree must be entered affirming the dismissal of the bill with costs.

The other Justices concurred.