JOHN KIMBLE v. JOHN M. HARRINGTON, ROCELIA W. HARRINGTON, AND ALONZO MCCAIN.

*Reformation of conveyance—Good-faith purchaser—Notice.*

In this case a decree reforming a mortgage, from which a parcel of land was omitted by mistake, and for its foreclosure as reformed, is affirmed, it appearing to the Court that the second mortgagee was not a good-faith purchaser.

Appeal from Jackson. (Peck, J.) Argued March 8, 1892. Decided April 8, 1892.

Bill to reform and foreclose a mortgage. Defendant McCain appeals. Decree affirmed. The facts are stated in the opinion.

*Charles E. Snow,* for complainant.

*Melville McGee,* for appellant, contended:

1. The presumption of law is that a grantee whose deed is first recorded is a *bona fide* purchaser, until the contrary is made to appear; citing *Godfroy v. Disbrow,* Walk. Ch. 266; *Bank v. McAllister,* 46 Mich. 402; and *bona fide* purchasers of a clear title are protected; citing *Loomis v. Brush,* 36 Mich. 40, 47; *Shotwell v. Harrison,* 22 Id. 410; *Burns v. Berry,* 42 Id. 179, 180; *Edwards v. McKernan,* 55 Id. 525; *Drake v. McLean,* 47 Id. 102.

2. No question is made as to McCain's being a *bona fide* purchaser for value, and he had a right to rely on the record; citing *Barnard v. Campau,* 29 Mich. 162.

MONTGOMERY, J. Complainant filed a bill in the circuit court of Jackson county, in chancery, to reform a mortgage, and to foreclose as reformed. The defendant McCain holds a second mortgage covering the same property, including that which is claimed to have been omitted by mistake from complainant's mortgage.

The facts are that the defendant Harrington owned and occupied a farm in Spring Arbor township, which was covered by a previous mortgage to complainant. The mortgage in suit was given as a renewal of a former mortgage, and was intended to cover the same land. By mistake in drafting the same, one 40 of the farm was omitted, and in its stead a 40-acre lot a quarter of a mile distant, and which was not owned by defendant Harrington, was described. So far the facts are not disputed. But defendant McCain claims to have received his mortgage without notice, and to have parted with value for the same. The complainant's testimony tends to show that defendant McCain came to his (complainant's) residence before the mortgage was given to defendant McCain, and complainant then told him, in substance, that he had a mortgage on the Harrington farm, and that some said that there was a mistake in it. McCain replied that he could figure it out, and complainant thereupon produced the mortgage, and McCain seated himself at the table, and examined it carefully. Shortly after this the mortgage was executed to the defendant McCain. He was entirely familiar with the Harrington farm, and it appears beyond question that Harrington at the time he executed the mortgage to him understood that the complainant's mortgage covered the entire farm. In addition to this, the mortgage executed to McCain described the land as follows:

"The north-west quarter of the north-east quarter of section fifteen, town number three south, range two west, Jackson county, Michigan; and the west half of the south-east one-fourth of section ten, town three south, of range two west, containing eighty acres, according to the United States survey, Jackson county, Michigan, subject to a mortgage of $2,480, recorded in Liber 78, p. 62, in register's office of Jackson county, State of Michigan."

Defendant McCain, it is true, claims that this provision

that the mortgage taken is subject to the prior mortgage of complainant was intended to relate only to the last description; but it is evident that Harrington did not so understand.

We have carefully examined the evidence offered on behalf of defendant McCain, and are not satisfied that the defendant was a good-faith purchaser. On the contrary, we think the decree of the circuit judge, which was in favor of the complainant, is supported by the decided weight of the credible testimony, and should be affirmed, with costs.

The other Justices concurred.