## WHITELEY *v.* INGHAM CIRCUIT JUDGE.

COSTS—DISCONTINUANCE—EJECTMENT.

> Under 3 Comp. Laws 1897, § 11260, which provides that, in all actions in which the plaintiff would be entitled to costs upon a judgment rendered in his favor, if, after the appearance of the defendant, such plaintiff shall discontinue his suit, the defendant shall have judgment for "his full costs," a defendant in ejectment who takes a new trial under the statute, and who subsequently has judgment upon discontinuance by the plaintiff, while not entitled to have taxed against the plaintiff the costs paid in compliance with the statutory requirements giving a new trial, is entitled to recover the costs of the first trial, including his attorney's fees for that trial, and the stenographer's and witness fees. GRANT, J., dissenting.

122   617
146   482

*Mandamus* by James Whiteley and others to compel Rollin H. Person, circuit judge of Ingham county, to allow relators certain costs in an action of ejectment. Submitted December 12, 1899. Writ granted January 23, 1900.

*Smith & Hood,* for relators.

*Charles F. Hammond,* for respondent.

LONG, J.   This was an action of ejectment, and on the trial in the circuit court the plaintiff had judgment. The defendants removed the case to this court by writ of error, where the judgment was affirmed. Subsequently defendants exercised their statutory right of a second trial, by the entry of the usual order, conditioned on the payment of all costs up to that time, which costs the defendants paid, and the case stood for trial in the usual manner. Before another trial was reached, the plaintiff voluntarily dismissed her suit; the defendants consenting thereto on payment of costs to be taxed. The defendants presented

to the clerk of the circuit court a bill of costs for taxation, which included the statutory fees and costs of the trial in the circuit court, as given to prevailing parties. Objection being made to these costs, the clerk, upon a hearing in the matter, disallowed the same, but taxed such costs and fees as defendants were entitled to arising subsequent to the order granting the second trial. On motion for re-taxation before the circuit judge, the clerk's action was affirmed, and the order was made of which relators complain.

The respondent contends that there is no statute entitling the relators to tax the costs and fees of the first trial, and that they are entitled only to such costs and fees as are given by law on the discontinuance of a case. It is insisted that the proceedings to and including the first trial were fully and forever closed when the order for a second trial was entered, and the defendants, as a condition therefor, paid the costs of that trial, which the statute imposed, and that, therefore, relators cannot claim any costs arising before that time. On the other hand, counsel claim that the relators are entitled to all their costs incurred since the commencement of suit, under the provisions of section 11260, 3 Comp. Laws 1897, which provides:

"In all actions and proceedings in which the plaintiff would be entitled to costs upon a judgment rendered in his favor, if, after the appearance of the defendant, such plaintiff be non-suited, discontinue his suit, be non-prossed, or judgment pass against him on verdict, demurrer, or otherwise, * * * the defendant shall have judgment to recover against such plaintiff his full costs, which shall have the like effect as all other judgments."

We think the relators are correct in their contention. The claim made by them is not that they are entitled to recover back what they paid on the removal of the case to this court, nor what they paid to obtain a second trial in the action of ejectment. Those costs they would have no right to recover, under the rule laid down in *Jeffery* v.

*Hursh*, 58 Mich. 246, 259, as they were costs paid in compliance with the statutory requirements giving them a new trial. Their claim is that they are entitled to recover their costs of a trial in ejectment; that is, attorney fees: (1) For proceedings before notice of trial, $15; (2) for subsequent proceedings before trial, $5; (3) for trial of issues of fact, $15,—together with term fees when case is on calendar and not reached, some other disbursements, and their witness fees. We think relators are entitled to recover these fees, amounting to $99, under the provisions of the section above quoted. The clerk, however, struck out all their costs, except proceedings before notice of trial, $15; for all subsequent proceedings before trial, $5; March term fees, 1899, $5; May term fees, 1899, $5; affidavit to bill of costs, 25 cents; taxation of costs, 25 cents,—making $30.50 allowed the relators as costs, thus striking out their attorney fees for trial of cause, the stenographer fees, and all witness fees; and this was affirmed by the circuit court. The relators' taxable costs were properly stated by them in their tax bill; and the order of the circuit court and the action of the clerk of that court must be reversed, and the costs taxed as claimed by relators, and set forth in their tax bill. The relators will recover the costs of this motion. The cause will be so certified to the circuit court.

MONTGOMERY, C. J., HOOKER and MOORE, JJ., concurred with LONG, J.

GRANT, J. (*dissenting*). Relators were defendants in an ejectment suit tried in the circuit court, appealed to this court, and affirmed. *Whiteley* v. *Whiteley*, 110 Mich. 556. Relators were granted a new trial under section 10981, 3 Comp. Laws 1897. Before trial was had, plaintiff submitted to a voluntary nonsuit, which was consented to by the relators. Relators now seek to recover costs of the first trial, in which the judgment was affirmed in this court. But for the statute, relators' right to further litigation would have been ended. The statute, however, gives them the right, upon certain conditions, to

have a new trial, which conditions are the payment of all damages and costs which have been awarded against them by the judgment in the first trial. The payment of these costs is the sole condition upon which they are entitled to it. By the former judgment relators were obliged to pay their own costs. That judgment is conclusive of all costs incurred up to that time. It is conceded that they could not recover of the plaintiff the costs which they had paid as a condition for the new trial. Why should they be permitted to recover costs which they had paid out in that suit at their own expense in support of their own defense? The judgment is as conclusive as to costs in the one case as in the other. The case is, upon a new trial given by grace of the statute, to be tried *de novo*, and the prevailing party can only recover whatever costs he has incurred from that date up to the final judgment. I think the circuit court reached a correct conclusion, and that the writ of *mandamus* should be denied.