DAVIS *v.* BENEDICT.

DEEDS — ERRONEOUS DESCRIPTION — REFORMATION — SUBSEQUENT PURCHASERS.

> Where a mortgagor's vendor owned only the N. W. ¼ of the S. W. ¼ and the S. E. ¼ of the S. W. ¼ of a section of land, but his deed to the mortgagor described the land as the N. W. ¼ and the S. E. ¼ of the S. W. ¼ of such section, and the mortgage, and a quitclaim deed thereafter given by the mortgagor to the mortgagee, contained the same description (the mortgagor having only taken possession of the two 40-acre tracts which his grantor in fact owned, and not having claimed title to any other lands, and the mortgage further stating that the description contained 80 acres), the mortgagor's grantor was entitled to have his deed reformed so as to describe correctly the land intended to be conveyed, and to have the last grantee enjoined from maintaining an action against him for breach of covenant, based on the failure of title to the N. W. ¼ of the section.

Appeal from Oakland; Smith, J. Submitted January 12, 1900. Decided January 23, 1900.

Bill by Daniel L. Davis against Ellen C. Benedict and W. Webb Seeley to reform a deed and to restrain the prosecution of an action at law. From a decree for complainant, defendant Benedict appeals. Affirmed.

*Peter B. Bromley,* for complainant.

*Baldwin, Jacokes & Moore,* for appellant.

HOOKER, J. Previous to May 29, 1888, Davis, the complainant, owned the N. W. ¼ of the S. W. ¼ and the S. E. ¼ of the S. W. ¼ of section 36 in township 2 N., range 8 E. He did not then or at any other time own the N. W. ¼ of that section. On the day mentioned, one Seeley purchased the two 40-acre parcels first mentioned, under-

standing that he was buying them, and no other land. The price agreed on was $800, and this was paid down, $780 of it being borrowed by Seeley upon the land. To convey the land to Seeley, Davis executed and delivered a deed substantially as follows: "Daniel L. Davis * * * conveys and warrants to the said W. Webb Seeley * * * all those certain pieces or parcels of land * * * described as * * * the northwest quarter and the southeast quarter of southwest quarter section thirty-six, * * * for the sum of fifteen hundred dollars." Seeley took possession of the two 40's, and no other land. On April 22, 1889, Seeley borrowed from the defendant Mrs. Benedict the sum of $1,200, to secure which he gave her a mortgage containing the following description, viz. : "The northwest quarter and the southeast quarter of the southwest quarter of section thirty-six, * * * containing eighty acres, more or less." On June 12, 1891, Seeley wrote to the defendant that he was unable to pay the interest due upon her mortgage, and that, if he could not pay it before it should "become due again," he would give her a deed of the place, and save her the expense of foreclosure. On April 9, 1898, he executed and delivered to her a quitclaim deed containing the same description as that contained in the deed from Davis to him. She thereupon brought an action upon the covenant contained in the deed from Davis, upon the claim that it covered the N. W. ¼ of the section, and that he had no title to that parcel. The bill in this cause seeks to restrain the prosecution of the action at law, and to correct the deed from Davis to Seeley. A decree was granted in substantial compliance with the prayer, and the defendant Mrs. Benedict has appealed.

We are satisfied that neither Davis nor Seeley understood that the N. W. ¼ of the section was included in the deed. The description contained therein is susceptible of either meaning contended for by the respective parties, but there cannot be a doubt that both understood that the two 40's only were the subject of the bargain; and this is

evidenced by the acts of the parties afterwards,— Seeley being satisfied with the possession of those parcels during the time he owned them, and making no other claim. It is suggested by counsel, rather than proved, that Mrs. Benedict was the victim of a shrewd scheme; but, however that may be, we cannot say that she should be allowed to recover on a covenant that neither party understood to cover more than 80 acres. Her mortgage contains a description which indicates, and should have given her to understand, that the mortgage did not cover 200 acres, for it mentions 80 acres. While a statement of acreage does not prevail against a definite description, it may be a valuable aid to explain an otherwise ambiguous description. She took the quitclaim with full knowledge of the intention of the parties, and subject to the equities of Davis.

The decree of the circuit court is sufficiently favorable to the defendant, and will be affirmed, with costs.

The other Justices concurred.