McGILVRAY *v.* MANISTEE CIRCUIT JUDGE.

1. COSTS—ATTORNEY FEES—NEW TRIAL.

Where a verdict for plaintiff is set aside on motion and a new trial granted, which results in a verdict and judgment for defendant, defendant is entitled, under sections 11254–11260, 3 Comp. Laws, to tax as costs an attorney fee of $25 for the first trial, though the order granting the new trial made no reference to costs.

2. SAME—PROCEEDINGS BEFORE NOTICE OF TRIAL.

In such case defendant can tax but one fee of $10 for proceedings before notice of trial.

3. MANDAMUS—TAXATION OF COSTS—ISSUANCE OF WRIT—PROPRIETY.

Mandamus, being a discretionary writ, will be issued to compel the taxation of only such costs as petitioner is legally entitled to, though respondent's claim as to the items in issue is untenable.

Mandamus by Jennie McGilvray and Blanch Baker to compel Charles H. Rose, circuit judge of Manistee county, to retax certain costs.  Submitted October 2, 1906.  (Calendar No. 21,795.)  Writ granted December 3, 1906.

*Dovel & Dovel*, for relators.

*Frank L. Fowler*, for respondent.

Moore, J.  The facts in this case, as disclosed by the petition and the exhibits annexed thereto, are that the petitioners were sued in the circuit court, by Lauritz S. Franck, in an action of assumpsit, which action resulted in a judgment for the plaintiff, with costs.  Defendants moved for a new trial, which was granted.  Upon the second trial defendants were rendered a verdict and judgment for costs.[1]

Defendants thereupon filed and served their bill of costs for the two trials of said cause, to which plaintiff objected, and the clerk of said court duly taxed defendants' costs for the two trials at the sum of $114.16.  Plaintiff thereupon appealed from said taxation to the circuit court for the county of Manistee and the judge of said court retaxed the costs of defendants at the sum of $89.16, striking out the item of $25 for attorney fees on the first trial of said cause.

Petitioners ask this court for a mandamus to compel the said circuit judge to set aside this order and retax defendants' costs at the sum taxed by the said clerk, $114.16.

The only question involved in this proceeding is the right of petitioners to have taxed, together with the other costs set out in their bill of costs, the item of $25 for attorney fee for the first trial.  The respondent was of the opinion as stated by him in writing:

" This brings us to the question whether defendants are entitled to costs on the first trial, which was the

---

[1] See *Franck* v. *McGilvray*, 144 Mich. 318.—Reporter.

attorney fee taxed at $25. My first impression was that they were entitled to the attorney fee on the first trial as well as on the second, but, on a further consideration of this matter, I have reached the conclusion that they are not.

"Judgment was rendered for the plaintiff. On motion of the defendants this judgment was set aside and a new trial granted. Costs, on granting a new trial, are in the discretion of the court. In this case nothing was said or no order made regarding costs. The court might have ordered the costs paid by either party but, inasmuch as no order was made, I think it stands as though neither party was to pay costs and, if that be so, it follows that the attorney fee on the first trial was improperly taxed. I think the plaintiff should have been required to pay the costs of the first trial, and, had the court's attention been called to it on the motion being made for a new trial, no doubt such an order would have been made, but, inasmuch as it was not, and it did not occur to me at the time of making the order setting aside the judgment, and no order was made requiring plaintiff to pay these costs I am of the opinion that he cannot be obliged to do so now. I do not think the Supreme Court has ever passed upon this question, and personally I would be very glad if it might do so."

The judge was in error in construing the effect of the order he made when he ordered a new trial. It did not affect the question of fees as provided for in 3 Comp. Laws, §§ 11254–11260. This statute has been construed in favor of the contention of relator. *Jeffery* v. *Hursh*, 58 Mich. 259; *Whiteley* v. *Ingham Circuit Judge*, 122 Mich. 617.

We think, however, that there should have been included in the taxed bill of costs but one fee of $10 for proceedings before notice of trial, and for that reason the amount taxed for attorney fees by the clerk was $10 too large. The objection to the taxation of the $25 attorney's fees for the first trial was not upon the ground that an improper item was included, but it was claimed no costs could be recovered for that trial. But, as the writ of man-

damus is a discretionary one, we think it right to deduct the $10.

The writ of mandamus will issue, directing the costs to be taxed at the sum of $104.16, with costs in favor of petitioners.

CARPENTER, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.