## LANE *v.* NEIFERT.

1. REFORMATION OF INSTRUMENTS — CONVEYANCES—STATEMENT OF ACREAGE VALUABLE AID TO EXPLAIN AMBIGUOUS DESCRIPTION.
   While a statement of acreage does not prevail against a definite description, it may be a valuable aid to explain an otherwise ambiguous description.

2. SAME—MISTAKE IN IDENTITY MAY NOT BE REFORMED.
   If the mistake of the parties in the conveying or leasing of property is in the identity of the property itself, reformation may not be had.

3. SAME—MISTAKE IN DESCRIPTION MAY BE CORRECTED.
   A court of equity has the power to reform a conveyance of land by correcting the description therein.

4. SPECIFIC PERFORMANCE—NOT A MATTER OF RIGHT.
   Specific performance is not a matter of right.

5. FRAUDS, STATUTE OF—EQUITY WILL REFORM DESCRIPTION AND SPECIFICALLY ENFORCE CONTRACT FOR SALE OF LAND.
   Where a memorandum agreement for the sale of land incorrectly described it, but there is no question as to the identity of the land intended to be conveyed, a court of equity has power to reform the contract and specifically enforce it, and in so doing it is not decreeing performance of an oral contract, since the contract as made by the parties was in writing, and, as reformed, is still a written contract, made so by the decree of the court.

6. SAME — CONTRACT AND ABSTRACT CONSTRUED TOGETHER SUFFICIENT UNDER STATUTE.
   Where a memorandum agreement for the sale of land incorrectly described it, but required the furnishing of an abstract, which, when furnished, correctly described it, the statute of frauds was satisfied, since the description in the contract was made certain by a writing therein referred to, and which, when furnished, formed an integral part thereof.

---

[1]Boundaries, 9 C. J. §§ 162, 163; [2]Reformation of Instruments, 34 Cyc. p. 910; 23 R. C. L. 335; [3]Id., 34 Cyc. p. 936; 23 R. C. L. 358; 3 R. C. L. Supp. 1325; 5 R. C. L. Supp. 1241; [4]Specific Performance, 36 Cyc. p. 548; 25 R. C. L. 214; 3 R. C. L. Supp. 1412; 4 R. C. L. Supp. 1574; 5 R. C. L. Supp. 1314; [5]Reformation of Instruments, 34 Cyc. pp. 927, 936; L. R. A. 1917A, 571; 25 R. C. L. 713; [6]Frauds, Statute of, 27 C. J. § 309.

Appeal from Wayne; Miller (Guy A.), J.    Submitted June 23, 1927.    (Docket No. 116.)    Decided October 3, 1927.

Bill by Charles F. Lane against Julius Neifert and another to reform a land contract, and for specific performance thereof.    From a decree for plaintiff, defendants appeal.    Affirmed.

*Raymond J. Kelly*, for plaintiff.

*William Henry Gallagher*, for defendants.

SHARPE, C. J.    In a memorandum of agreement, entered into on May 5, 1924, the defendants agreed to sell to Frank D. Livernois a farm owned by them at a price therein agreed upon.    Recognizing that the rights of Livernois had been transferred to plaintiff, defendants entered into a contract on November 10, 1924, to sell the property to him for $122,280, of which a payment of $1,000 was then made.    Defendants furnished an abstract of title as agreed.    Upon examination by plaintiff's attorney, it was discovered that the lands were not correctly described in the contract.    He prepared a deed and mortgage, describing the land as it appeared in the abstract.    He tendered these, together with the $28,000, required to be then paid, to the defendants, but they refused to execute them and stated that they would deed only the lands as described in the contract.    Plaintiff thereupon filed the bill of complaint herein, praying for reformation of the contract and its specific performance. From a decree granting him such relief, defendants appeal.

The defendants were not sworn, nor did they call any witnesses.    The proof is clear that defendants intended to include in the contract the lands described in the abstract, which constituted a large farm on

which they lived, the boundaries of which had been pointed out to plaintiff.   The errors in the descriptions occurred by defendants' reading them to Livernois, who prepared the first memorandum, from his tax receipts, and the descriptions in plaintiff's contract were taken from it.

The first description in the contract reads:    "The E. ⅜ of E. ½ of S. W. ¼ sect. 32, T. 4 and 5, S. R. 10 E. 60 acres, more or less."    In the abstract it reads:   "The E. ¾ of E. ½ of S. W. ¼ sect. 32, T. 4, S. R. 10 E."

The next description in the purchase agreement reads:   "S. E. part of the E. ½ of the N. E. ¼ fractional section 32, T. 4—5, S. R. 10 E., 106 2/3 acres, more or less."   In the abstract it reads:   "The south 1/3 and middle 1/3 of the south ½ of the north ½ of section 32, T. 4 S. R. 10 E., Brownstown."

The description in the purchase agreement which reads:   "The west ½ of N. E. ¼ except 3 acres, sec. 5, T. 4 and 5, S. R. 10 east, 80 acres, more or less," in the abstract reads:   "The west ½ of the N. E. ¼ of sec. 5, T. 5, south range 10 E., containing 78.26 acres of land."

The description in the purchase agreement which reads:   "Bounded on north by Julius Neifert, south William Chase, on east Tony Meaten, west Julius Neifert, containing 58¾ acres of land, more or less," in the abstract reads:   "The west ½ of the N..E. ¼ of S. E. ¼ of section 32 and N. 1/3 of E. ½ of N. E. ¼ of S. E. ¼ of section 32 and lots 4, 5, 6 and 7 of partition of Josiah Chase estate, containing 57 2/3 acres of land."

There are about 305 acres in the farm as described in the abstract, which, at the stated price of $400 per acre, makes the purchase price of $122,280, as fixed in the contract.   Defendants' appeal is based on the claim that, as the contract is executory and the de-

scriptions therein insufficient under the statute of frauds, it may not be reformed to make it sufficient thereunder and then specifically enforced, and that the furnishing of an abstract by them containing descriptions different from those in the contract does not satisfy such statute. The price was determined by the acreage, and it is apparent that the fractions indicating the parts of the descriptions included therein are erroneous.

"While a statement of acreage does not prevail against a definite description, it may be a valuable aid to explain an otherwise ambiguous description." *Davis* v. *Benedict*, 122 Mich. 657, 659.

The contract upon its face bears evidence that the land sold was a farm occupied by defendants. In the agreement with Livernois defendants reserved the crops then growing on the farm; and in the contract with plaintiff they agreed to sow fall wheat on the land, for which they were to be paid the reasonable expense thereof. The mistakes were therefore not in the identity of the property, but in the descriptions of the parcels of which it was composed.

In 23 R. C. L. p. 335, it is said:

"If the mistake of the parties in the conveying or leasing of property is in the identity of the property itself, reformation cannot be had, although the contract may be rescinded, for there has been no meeting of the minds of the parties. But where there is no mistake as to the identity of the property but merely a misdescription of it in the written agreement in relation to it or in the conveyance, reformation will be allowed."

Counsel concede that, were this an executed contract, a court of equity would have the power to reform it. This court has many times upheld the power to reform a conveyance of land by correcting the description therein. *Kimble* v. *Harrington*, 91 Mich. 281; *Judson* v. *Miller*, 106 Mich. 140; *Davis* v. *Bene-*

*dict, supra; Schoenfield* v. *Veenboer,* 234 Mich. 147. But it is insisted that a court of equity will not reform an executory contract and decree specific performance of it; that by doing so it creates an agreement by parol, which is void under the statute, and, without part performance, cannot be enforced. Attention is called to section 11979, 3 Comp. Laws 1915, which provides for specific performance where there has been part performance. Reliance is placed upon the language of Mr. Justice CAMPBELL in *Climer* v. *Hovey,* 15 Mich. 18, which sustains this contention. But it will be noted, as pointed out by the trial court, that, while Chief Justice MARTIN concurred in the result in that case, Justices COOLEY and CHRISTIANCY expressed no opinion as to the power of the court to correct a mistake in such a contract and specifically enforce it. In *Chambers* v. *Livermore,* 15 Mich. 381, decided a few months later, Mr. Justice COOLEY said that it is a "mooted question, whether a complainant can be allowed to show by parol a mistake in a contract, with a view to having it reformed and then enforced," while in *Youell* v. *Allen,* 18 Mich. 107, the court said the question "is one of no little difficulty, and upon which the authorities are irreconcilably at variance." *Climer* v. *Hovey; supra,* was referred to without approval in *Metropolitan Lumber Co.* v. *Lake Superior, etc., Iron Co.,* 101 Mich. 577, 582. We are therefore of the opinion that the *Climer Case* cannot be said to support defendants' claim.

In 23 R. C. L. p. 358, it is said:

"The party seeking relief by reformation may at the same time ask for other equitable relief. He may ask that a deed or a contract concerning land may be reformed and then specifically enforced."

In 34 Cyc. p. 927, the rule is thus stated:

"Where courts have full equity jurisdiction, the fact that a contract specified in the instrument to be re-

formed is within the statute of frauds is of itself no sufficient reason to refuse to reform when the parties thereto intended to comply with the requirements, but were prevented from so doing through fraud, accident, or mistake."

In commenting on the cases cited in support of this rule, the annotator says:

"The majority, of courts which have full equity jurisdiction hold that equitable relief by way of reformation may be applied without restriction because the purpose of the statute was to promote justice and prevent wrong, and not to hinder justice."

The subject is exhaustively discussed in a note in L. R. A. 1917A, at page 571 *et seq.* The cases cited and reviewed clearly establish the power of a court of equity to reform a deed, mortgage, or executed contract, notwithstanding the statute of frauds, by correcting a description, which by mistake describes property other than that intended, or by inserting a description omitted therefrom by mutual mistake. Upon the right to reform a contract when it is sought to specifically enforce it as reformed, it must be conceded that the decisions are not in harmony. It may be noted, however, that the Michigan court is listed as among those denying such right, the authority therefor being *Climer* v. *Hovey, supra.* Among the cases cited and commented upon is that of *Conaway* v. *Gore,* 24 Kan. 389. The opinion by Justice Brewer is so illuminating of the question that we quote therefrom:

"If a parol contract were sought to be enforced, the arguments and authorities of counsel would be in point. But the reformation of a deed already made, the correction of a contract already in writing, involve very different considerations. The question is, not whether there has been such a performance as renders inequitable the non-enforcement of the parol contract, but whether the written is the actual contract. It is not the substituting of acts *in pais* for the written

contract, but it is making the written the expression of the real contract. We think, therefore, that the argument and authorities of counsel based upon the statute of frauds are not apt, and the objection urged not well taken. It would undervalue the whole doctrine of the reformation of contracts and deeds, if the case were to be treated as though no written contract had ever been made. The reformation implies the existence of a written contract. It corrects, that which exists, and does not seek to avoid the necessity of that which is not."

In *Kinyon* v. *Cunningham,* 146 Mich. 430, the decree reformed a land contract by inserting therein a description omitted therefrom by mistake. The plaintiff, however, had entered into possession of the land included in the contract, but had been denied possession of that sought to be incorporated therein. As to it there had been no part performance.

In *Jensen* v. *Shevitz,* 234 Mich. 212, 215, it was broadly stated:

"There can be no question of the right of a chancery court to grant relief of reformation of a contract on the ground of fraud or mutual mistake."

It is a well-known fact that such contracts are much used in the purchase and sale of property, and that, pending the transfer of title, the vendee frequently incurs much expense, relying thereon. While specific performance is not a matter of right, we can see no reason why a court of equity, empowered to reform a deed or mortgage, may not, under the proofs here presented, reform and grant specific performance of this contract. By so doing, we do not decree performance of an oral contract. The contract as made by the parties is in writing. As reformed it is still a written contract, made so by the decree of the court.

Our affirmance of the decree need not rest on this alone. This court has held that reformation will not be decreed when the contract fails to identify the

240—Mich.—31.

lands by stating the city, county, or State in which they are located. *Droppers* v. *Marshall*, 206 Mich. 560. But when, as here, the contract was signed by both vendors and vendees and a part payment made, "showing mutuality and full acceptance," and reference was made therein to an abstract of title to the property, "which the vendors obligated themselves to, and did, deliver to the vendees," and "the abstract contained a full legal description of the property corresponding in substance with the memorandum of agreement," it was held that the contract and abstract together furnished a sufficient memorandum in writing to satisfy the statute of frauds. *Beltsman* v. *Sherman*, 224 Mich. 347. The rule thus stated was followed in the later case of *Janiszewski* v. *Shank*, 230 Mich. 189.

It is urged that "the abstracts furnished were of property other than that described in the contract." But, as before stated, there is no dispute about the identity of the property intended to be described in the contract. Defendants well understood that they were contracting to sell the farm of about 305 acres on which they lived and the boundaries of which were pointed out to plaintiff. The abstracts were furnished by them pursuant to the terms of the contract for the express purpose of showing that they had title to the land which they had contracted to convey. The erroneous descriptions in the contract were thus made certain by writings referred to therein and which, when furnished, formed an integral part thereof. In our opinion the statute of frauds was thus satisfied and plaintiff entitled to the relief granted.

The decree is affirmed, with costs to appellee.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.