**E. F. SHOTWELL, Appellant,**

v.

**John A. MORROW, Appellee.**

**No. 4424.**

Court of Civil Appeals of Texas, Eastland.

Dec. 4, 1970.

Rehearing Denied Jan. 8, 1971.

---

Wagstaff, Alvis, Alvis & Leonard, David G. Stubbeman, Abilene, for appellant.

Brooks, Jones & Gordon, Tom Gordon, Abilene, for appellee.

WALTER, Justice.

John A. Morrow recovered a judgment against E. F. Shotwell for specific performance of a contract to sell land. Shotwell has appealed and contends the court erred in holding the contract complied with the statute of frauds. The contract exe-

cuted by the parties contains the following description of the property:

" —the following described property lying and situated in Jones County, Texas:

FIRST TRACT: The South 100 acres of Survey 246, I. E. Sheffield Certificate No. 76, Abstract No. 308, Jones County, Texas;

SECOND TRACT: The North acreage (to be determined by a survey) out of 145.8 acre tract of the Jefferson McGrew Survey No. 245, which acreage lies North of a line beginning at the Northeast corner of the First Tract above described and running North 75° East to a point in the West Boundary Line of Public Highway No. 277, commonly known as the Anson-Hawley-Abilene Highway, Jones County, Texas."

The statute of frauds is now Article 26.-01 of the Business and Commerce Code. It provides that a contract for the sale of real estate is not enforceable unless such contract is in writing and signed by the person to be charged.

The appellant contends that for a contract to convey land to be sufficient under the statute of frauds, the description must be definite and certain so that the land can be identified.

The surveyor testified that counsel for appellee told him what to survey; that counsel told him to survey the South 100 acres of the Sheffield Survey owned by Shotwell and to extend the North line of such 100 acres tract Eastward to the West right-of-way of the highway. He further testified:

"The second tract, as you can see, lies in the Jefferson McGrew Survey No. 245, as opposed to the larger tract, being located in the Isham Sheffield Survey No. 246. My instructions were to extend the north line of the larger tract eastward until it intersected the west boundary line of the highway. This, I did. And then to go northward to the north boundary line of the tract owned by Mr. Shotwell. And the boundary lines of the other tracts and the highway, the cutting off the north end of his tract in the Jefferson McGrew Survey is what I found, and it constituted a matter of 12.375 acres."

The 145.8 acre tract in the McGrew Survey is not identified in the contract as belonging to Shotwell. The surveyor's testimony that after he intersected the West Boundary line of the highway—"and then to go northward to the north boundary line of the tract owned by Mr. Shotwell" is not contained in the contract. The surveyor was aided by extrinsic evidence in locating this boundary line and in cutting off the North end of Shotwell's tract in the McGrew Survey.

In O'Herin v. Neal, 56 S.W.2d 1105, (Tex.Civ.App.1932, writ. ref.) the court said:

"Resort to extrinsic evidence where proper at all is for the purpose of identifying the land from data given in the contract, and not for the purpose of supplying the location or description."

The extrinsic evidence was given in the case at bar for the purpose of supplying the location and description of the second tract. We are compelled to conclude that the court erred in holding the contract complied with the statute of frauds insofar as the second tract is concerned. Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980 (1948).

We find no merit in appellant's point that the judgment is not final. North East Independent School District v. Aldridge, 400 S.W.2d 893 (Sup.Ct.1966).

The judgment is reversed and judgment is rendered for the appellant insofar as the second tract of land is concerned and is affirmed in all other respects.