**E. F. SHOTWELL, Appellant,**

v.

**John A. MORROW, Appellee.**

No. 4624.

Court of Civil Appeals of Texas, Eastland.

April 9, 1973.

Rehearing Denied Sept. 7, 1973.

---

David G. Stubbeman, Wagstaff, Harrell, Alvis, Erwin & Stubbeman, Abilene, for appellant.

Tom Gordon, Brooks, Jones & Gordon, Abilene, for appellee.

McCLOUD, Chief Justice.

John A. Morrow, purchaser, sued E. F. Shotwell, seller, seeking reformation and specific performance of a contract for the sale of two tracts of land. The case was submitted to a jury on three special issues which were answered favorably to the purchaser. The trial court's judgment reformed the contract and as reformed ordered specific performance. The seller, Shotwell, has appealed. We affirm.

The property is described in the contract of sale and purchase as follows:

" . . . lying and situated in Jones County, Texas:

FIRST TRACT: The South 100 acres of Survey 246, I. E. Sheffield Certificate No. 76, Abstract No. 308, Jones County, Texas:

SECOND TRACT: The North acreage (to be determined by a survey) out of 145.8 acre tract of the Jefferson Mc-Grew Survey No. 245, which acreage lies North of a line beginning at the North-

east corner of the First Tract above described and running North 75° East to a point in the West Boundary Line of Public Highway No. 277, commonly known as the Anson-Hawley-Abilene Highway, Jones County, Texas."

In a prior appeal of this case, where the purchaser sought only specific performance, this Court held that specific performance was not proper as to Second Tract described above because the description was insufficient to meet the requirements of the statute of frauds. Shotwell v. Morrow, 461 S.W.2d 527 (Tex.Civ.App.—Eastland 1970, rev'd 477 S.W.2d 538). The Texas Supreme Court granted purchaser's application for writ of error and agreed with this Court that the description of Second Tract was insufficient to meet the requirements of the statute of frauds but decided that the cause should be remanded in the interest of justice. Morrow v. Shotwell, 477 S.W.2d 538 (Tex.Sup.1972). While observing that the purchaser, Morrow, may have tried his case on the wrong theory the Court said:

"Our holding that the description of Second Tract is insufficient to meet the requirements of the Statute of Frauds would ordinarily lead to an affirmance of the judgment of the court of civil appeals. As indicated earlier in this opinion, that judgment as to Second Tract is that the plaintiff Morrow take nothing. There is in the record strong evidence that the parties intended to describe a particular and identified tract of 12.375 acres in their contract, and that they were mutually mistaken in the belief that the description used was legally sufficient for that purpose. If that be a fact, Morrow would have been entitled to reformation of the contract had he sought it. Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62 (1959); Kelley v. Ward, 94 Tex. 289, 60 S.W. 311 (1901); Gilbert v. Smith, 49 S.W.2d 702, 86 A.L.R. 445 (Tex.Com.App.1932). It thus appears that Morrow may have tried his case on a wrong theory."

After the case was remanded to the trial court, the purchaser amended his pleadings, included a proper metes and bounds description of both tracts, asked that the contract be reformed because of mutual mistake, and sought specific performance of the contract as reformed.

The contract was signed on December 31, 1968, and at that time the purchaser delivered a check to the seller for $7,500. The purchaser went into immediate possession of the property in question and has remained in possession since that time. Seller returned the $7,500 to purchaser on March 24, 1969. The purchaser, Morrow, owned the property immediately north and south of the tract designated as First Tract in the contract. He had farmed the First Tract for several years as tenant of the seller. There is testimony that the parties agreed to survey both tracts and that they discussed the fact that First Tract was short and did not actually contain 100 acres.

The contract provided:

"The purchase price of $250.00 per acre, payable as follows:

$7,500.00 cash, as part payment, the receipt of which is hereby acknowledged and confessed, and the execution of a Vendor's Lien note secured by a Deed of Trust for the balance of the purchase price which will be determined by the acreage in the two tracts as determined by a survey, at $250.00 per acre."

The seller, Shotwell, contends that purchaser has failed to carry his burden in regard to reformation and the case should be reversed and rendered because Second Tract, as described in the original contract, does not comply with the statute of frauds, Tex.Bus. & Commerce Code § 26.01, V.T.C.A.

■ We think the rule announced in Lane v. Neifert, 240 Mich. 475, 215 N.W. 302 (Mich.Sup.1927) should be applied in a case of this nature. There the contract contained an improper description. The purchaser sought reformation and specific performance. The seller argued there, as the seller argues here, that the description of the property was insufficient under the statute of frauds and the contract could not be reformed. The Court said:

" . . . The mistakes were therefore not in the identity of the property, but in the descriptions of the parcels of which it was composed.

■ In 23 R.C.L. 335, it is said:

'If the mistake of the parties in the conveying or leasing of property is in the identity of the property itself, reformation cannot be had, although the contract may be rescinded, for there has been no meeting of the minds of the parties. But where there is no mistake as to the identity of the property but merely a misdescription of it in the written agreement in relation to it or in the conveyance, reformation will be allowed.' "

The Court stated further:

"It is a well-known fact that such contracts are much used in the purchase and sale of property and that, pending the transfer of title, the vendee frequently incurs much expense, relying thereon. While specific performance is not a matter of right, we can see no reason why a court of equity, empowered to reform a deed or mortgage, may not, under the proofs here presented, reform and grant specific performance of this contract. By so doing, we do not decree performance of an oral contract. The contract as made by the parties is in writing. As reformed it is still a written contract, made so by the decree of the court."

The Supreme Court of Washington in Tenco, Inc. v. Manning, 59 Wash.2d 479, 368 P.2d 372 (1962) held that an earnest money agreement containing a defective property description could be corrected by reformation when the defect resulted from a mutual mistake and, as so reformed, was not violative of the statute of frauds. Aft-

er stating the general rule that compliance with the statute of frauds in land transaction contracts or deeds requires a description of land sufficiently definite to locate it without recourse to extrinsic evidence or else reference must be made to another instrument which does contain a sufficient description, the Court said:

> "This rule for determining whether a legal description properly conforms to the requirements of the statute of frauds, however, is inapplicable when an erroneous description appears in a document because of a mutual mistake. 'Until the memorandum document is made to say what the parties intended it to say, invocation of the Statute of Frauds is premature.' Shattuck: Contracts in Washington, 1937–1957: Part II, 34 Wash.L.Rev. 345, 360–61 (1959). The document may be reformed to reflect fairly the intention of the parties before the test to determine the legality of the description is applied once it is established that the defect was the product of a mutual mistake."

In the instant case the County Surveyor testified that he surveyed both tracts and prepared field notes at the request of the attorney who prepared the contract. He stated that his on the ground survey showed that Tract One contained 97.58 acres and Tract Two contained 12.375 acres.

The jury found in answer to three special issues that (1) the contract dated December 31, 1968, varied from the terms of the actual agreement, as to the description of the two tracts; (2) the terms and provisions of the contract that differed from the true agreement made by the parties were placed in the contract by mutual mistake; and (3) the two tracts of land as described by the surveyor were the two tracts the parties intended to be conveyed by the contract dated December 31, 1968. Shotwell does not challenge Special Issue No. 2 but contends the trial court erred in submitting Special Issue No. 3 because it inquires about two separate tracts and also the issue refers to a description of the surveyor which was not in existence on December 31, 1968, when the contract was signed. He also argues that Special Issue No. 1 was multifarious and inquired about two tracts of land.

■ There is evidence that the two tracts of land in question had been identified by the parties before the contract was signed. The jury could reasonably conclude from the evidence that the two tracts described by the surveyor were the two tracts intended to be conveyed by the parties. We disagree with seller's contention that the contract cannot be reformed by including the field notes prepared by the surveyor after the date the contract was signed. The contract contained a faulty description, but the metes and bounds description of the two tracts by the surveyor properly describes the property the jury found the parties intended to be conveyed by the contract. We also disagree with seller's argument that the trial court erred in inquiring about two tracts of land in Special Issues One and Three. Purchaser sought reformation of a written contract which included two tracts of land. Seller further contends the trial court erred in not submitting certain requested issues. We think the requested issues were either evidentiary or related only to various phases or different shades of the issues submitted. We overrule seller's points attacking the court's charge. Rule 279, Texas Rules of Civil Procedure.

■ Seller complains further that the trial court erred in not admitting into evidence a tenant's consent affidavit signed by Morrow in 1954. In the instrument the First Tract was described as containing a full one hundred acres. Shotwell argues that his agreement was to convey a full one hundred acres. The instrument stated that Morrow claimed no title to the land other than as a tenant and he expressly declared that his right of possession in no way interfered with the right of Shotwell to

lease the land for oil and gas purposes. Shotwell contends this instrument was admissible as an admission against interest. We think the instrument was admissible but we do not think the exclusion by the trial court constituted reversible error. Rule 434, T.R.C.P.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.

RALEIGH BROWN, J., not participating.